UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
UNITED STATES OF AMERICA,                              :
                                                       :
- against -                                            :
                                                       :
DAVID MIDDENDORF,                                      :    18 Cr. 36 (JPO)
DAVID BRITT,                                           :    ECF Case
THOMAS WHITTLE,                                        :
CYNTHIA HOLDER, and                                    :
JEFFREY WADA,                                          :
                                                       :
                            Defendants.                :
-------------------------------------------------------- x


### DEFENDANT CYNTHIA HOLDER'S REPLY MEMORANDUM OF LAW
### IN FURTHER SUPPORT OF HER MOTION FOR A BILL OF PARTICULARS

Norman A. Bloch
Emily J. Mathieu
Brian K. Steinwascher
Thompson Hine LLP
335 Madison Avenue
New York, New York 10017
(212) 344-5680
*Attorneys for Defendant Cynthia Holder*

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*United States v. Bin Laden*,
    92 F. Supp. 2d 225 (S.D.N.Y. 2000).........................................................................................3

*United States v. Falkowitz*,
    214 F. Supp. 2d 365 (S.D.N.Y. 2002).......................................................................................3

*United States v. Lino*
    No. 00 Cr. 632 (WHP), 2000 U.S. Dist. LEXIS 18753
    (S.D.N.Y. Dec. 29, 2000)......................................................................................................2, 3

*United States v. Nachamie*,
    91 F. Supp. 2d 565 (S.D.N.Y. 2000)...................................................................................1, 2, 4

*United States v. Oruche*,
    No. 07 Cr. 0124 (WHP), 2008 U.S. Dist. LEXIS 16701
    (S.D.N.Y. Mar. 5, 2008) .........................................................................................................3

*United States v. Savin*,
    No. 00 Cr. 45 (RWS), 2001 U.S. Dist. LEXIS 2445
    (S.D.N.Y. Mar. 7, 2001) .........................................................................................................3

**Rules**

Fed. R. Crim. P. 7(f) ....................................................................................................................1

Defendant Cynthia Holder respectfully submits this Reply Memorandum of Law in further support of her motion for a bill of particulars as to two items.  In addition, Ms. Holder joins in, adopts, and incorporates by reference the reply arguments of her codefendants made in further support of their motions for additional bill of particulars items, disclosure pursuant to *Brady v. Maryland*, and discovery to the extent they apply to her.

## ARGUMENT

### I.     The government should be directed to identify unindicted coconspirators.

By letter transmitted on February 5, 2018, we asked the government to disclose the names and addresses of all unnamed and unindicted alleged coconspirators known to the government, pursuant to Fed. R. Crim. P. 7(f).[1]  The government responded as follows:

> Requests C.101 and C.102 in your letter seek information about unindicted coconspirators.  As a general matter, the Government is not required to disclose such information.  However, a court may order such disclosure after balancing certain enumerated factors.  *See United States v. Nachamie,* 91 F. Supp. 2d 565, 572-73 (S.D.N.Y. 2000) (setting forth six factors for a court to consider when determining whether to order disclosure of the identity of unindicted coconspirators).  The Government does not intend to make the requested disclosure unless ordered to do so by the Court following appropriate analysis of such factors by the parties.[2]

In our initial memorandum of law, we undertook the **"appropriate analysis"** of the *Nachamie* factors for the purpose of persuading the Court to exercise its discretion and grant our request.  We pointed out that the defendants were charged with two conspiracies spanning two years with a large number of alleged coconspirators operating in several states and countries; that the government had produced approximately 450,000 pages of documents plus voluminous additional data,[3] but that, apart from Brian Sweet, the government had not otherwise identified

---

[1] Exhibit A annexed to the May 25, 2018, Affirmation of Norman A. Bloch in Support of Motion by Defendant Cynthia Holder for a Bill of Particulars, Dkt. No. 87 ("Bloch Affirmation").

[2] Bloch Affirmation, Exhibit B.

[3] The total volume of data thus far produced to Ms. Holder is approximately 278 gigabytes, which consists of approximately 450,000 pages of documents plus additional data.  The volume of data stated at the bottom of page 7 of our initial memorandum

the defendants' coconspirators; and that there is no potential physical danger to coconspirators, the conduct charged in the Indictment is non-violent, and disclosure of unindicted coconspirators would not compromise any ongoing government investigation.   Accordingly, we argued, consideration of the *Nachamie* factors should lead the Court to grant our disclosure request.

In response, the government offered the "argument" that "[r]equests that the Government identify all co-conspirators are routinely denied," Government's Opposition Brief at 26 (citations omitted), even though "[r]equests for names of unindicted coconspirators are fairly common and often are granted by district courts." *United States v. Lino*, No. 00 Cr. 632 (WHP), 2000 U.S. Dist. LEXIS 18753, at *35-36 (S.D.N.Y. Dec. 29, 2000).  Further, according to the government, our request should be denied simply because "[i]n light of the evidentiary detail set forth in the Indictment," Government's Opposition Brief at 26, and in light of the government's self-described generous document productions, "[t]he discovery in this matter is neither too voluminous nor unclear to fail to notify the defendants of the wire fraud charges they face." *Id.* at 27.  These general statements do not meaningfully respond to or contradict our specific arguments.

The government did suggest that the names of unindicted coconspirators have been provided to the defense in discovery via "telephone calls and emails discussing the scheme." Government Opposition Brief at 28.  However, voluminous telephone records, not contents of telephone calls, have been provided in discovery; and without content, a bare record of the number called and the date, time and length of a call does not tell defense counsel whether or not the person who initiated the call or the person who received it is an unindicted coconspirator. Similarly, with respect to email correspondence disclosed in discovery, there are numerous senders and recipients involved in that correspondence, but nothing that indicates who among

---

of law, Dkt. No. 86, was incorrectly reported as approximately 450,000 pages of documents plus approximately 500 gigabytes of additional data.

them are unindicted coconspirators in the eyes of the government.  In addition, there is more to being an unindicted coconspirator than simply being aware of part or all of a conspiracy's existence through the transmission or exchange of email correspondence.  And there may be individuals who are unindicted coconspirators with respect to one or the other of the two conspiracies charged in the Indictment, but not both; that information also cannot be gleaned from telephone records and email correspondence.  In short, the government has not identified unindicted coconspirators in an alternative form.

To be clear, identification of unindicted coconspirators is necessary in *this* case to enable the defense to meaningfully evaluate the roles played by individuals identified in the documents produced in discovery, to otherwise effectively focus the defense preparations for trial, to consider and prepare motions in limine or objections opposing the admission of out-of-court coconspirator statements, and to decide the most effective way to cross-examine trial witnesses the government deems to be coconspirators.

Whether to order disclosure of unindicted coconspirators involves a factor-specific analysis dependent on the nature and circumstances of the case before the Court.  For this reason, there can be no such thing as a **"routine"** denial of such a request.  As quoted above, there are many cases, including in this District, in which the requested disclosure has been ordered,  *e.g., United States v. Oruche,* No. 07 Cr. 0124 (WHP), 2008 U.S. Dist. LEXIS 16701, at *9-11 (S.D.N.Y. Mar. 5, 2008) (narcotics conspiracy); *United States v. Falkowitz*, 214 F. Supp. 2d 365, 391-92 (S.D.N.Y. 2002) (Marrero, J.) (mail and wire fraud conspiracy and conspiracy to defraud the United States); *United States v. Savin,* No. 00 Cr. 45 (RWS), 2001 U.S. Dist. LEXIS 2445, at *7-16 (S.D.N.Y. Mar. 7, 2001) (wire and mail fraud conspiracy); *Lino*, 2000 U.S. Dist. LEXIS 18753, at *35-39 (organized crime RICO and other, predicate act, conspiracies); *United States v. Bin Laden*, 92 F. Supp. 2d 225, 240-42 (S.D.N.Y. 2000) (Sand, J.) (al Qaeda terrorism

prosecution charging various conspiracies, including to commit murder), including, of course, in *Nachamie* itself.

Our request should be granted as well.

## II. The government should be required to identify the "other duties" referenced in counts four and five of the indictment.

The government did not respond specifically to our request for particularization of the "other duties" referenced in counts four and five of the Indictment. The government's general objections to this request miss the mark entirely because the request seeks neither the identity of government witnesses, witness statements or trial exhibits, i.e., evidentiary details, nor the disclosure of legal theories. Rather, the request asks for specification of the legal duties repeatedly referenced, but not identified, in the Indictment which the defendants allegedly violated. Disclosure of the requested information is necessary because the defense does not know and cannot figure out what duty or duties – other than the duty of confidentiality – might have been violated by the conduct alleged in the Indictment.

To avoid prosecution by ambush, this request should be granted.

## CONCLUSION

For the reasons expressed above and in our initial memorandum of law, the Court should order the government to provide a bill of particulars to the defense as requested.

Dated: New York, New York       Respectfully submitted,
       July 13, 2018

                                         *s/Norman A. Bloch*
                                         Norman A. Bloch
                                         Emily J. Mathieu
                                         Brian K. Steinwascher
                                         Thompson Hine LLP
                                         335 Madison Avenue
                                         New York, New York 10017
                                         (212) 344-5680
                                         (212) 344-6101
                                         *Attorneys for Defendant Cynthia Holder*