# EXHIBIT 20



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 5, 2018

Norman A. Bloch, Esq.
Thompson Hine
335 Madison Avenue, 12th Floor
New York, New York 10017

Re: <u>United States v. Cynthia Holder</u>, 18 Cr. 36 (JPO)

Dear Mr. Bloch,

      This document is not a plea agreement. Rather, pursuant to the suggestion of the Court in *United States v. Pimentel*, 932 F.2d 1029, 1034 (2d Cir. 1991), this letter sets forth the current position of the United States Attorney's Office for the Southern District of New York (the "Office") regarding the application of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") to defendant Cynthia Holder (the "defendant") in this case.

      The defendant is charged in Counts One, Two, Four and Five of the Indictment.[1] Count One charges the defendant with conspiracy to defraud the United States, in violation of Title 18, United States Code, Section 371, and carries a maximum term of imprisonment of 5 years, a maximum term of supervised release of 3 years, a maximum fine, pursuant to Title 18, United States Code, Section 3571 of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense, and a $100 mandatory special assessment. In addition to the foregoing, the Court must order restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

      Count Two charges the defendant with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349, and carries a maximum term of imprisonment of 20 years, a maximum term of supervised release of 3 years, a maximum fine, pursuant to Title 18, United States Code, Section 3571 of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense, and a $100 mandatory special assessment. In addition to the foregoing, the Court must order restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

      Counts Four and Five each charge the defendant with wire fraud, in violation of Title 18, United States Code, Section 1343, and each carry a maximum term of imprisonment of 20 years, a maximum term of supervised release of 3 years, a maximum fine, pursuant to Title 18, United States Code, Section 3571 of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting

---

[1] The defendant is not charged in Count Three of the Indictment.

04.09.2018

from the offense, and a $100 mandatory special assessment. In addition to the foregoing, the Court must order restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

The Government currently believes that the Guidelines apply to the crimes charged in the Indictment as follows:

A. Offense Level

1. The November 1, 2016 version of the Guidelines applies.

*Count One (Group One)*

2. U.S.S.G. § 2C1.1 applies to the offense charged in Count One ("Group One"). Pursuant to U.S.S.G. § 2C1.1(a)(2), the base offense level is 12.

3. Pursuant to U.S.S.G. § 2C1.1(b)(2), if the value of the loss to the Government exceeds $6,500, the offense level is increased by the number of levels specified in the table contained in U.S.S.G. § 2B1.1 corresponding to that amount. Because the value of the loss to the Government is not known, no increase under this section is warranted.[2]

4. In accordance with the above, the offense level for Count One is 12.

*Counts Two, Four, and Five (Group Two)*

5. Pursuant to U.S.S.G. § 3D1.2(d), Counts Two, Four, and Five ("Group Two") are grouped together because the offense level is determined largely on the basis of the total amount of loss.

6. U.S.S.G. § 2B1.1 applies to the offenses charged in Counts Two, Four and Five. Pursuant to U.S.S.G. §§ 2B1.1(a)(1) and 3D1.3(b), because Counts Two, Four, and Five each have a statutory maximum term of imprisonment of 20 years, the base offense level is 7.

7. Because the loss amounts for Counts Two, Four, and Five exceeded $550,000 but did not exceed $1,500,000, the offense level is increased 14 levels to 21, pursuant to U.S.S.G. § 2B1.1(b)(1)(H).

---

[2] Pursuant to Application Note 7 to U.S.S.G. § 2C1.1, an upward departure is warranted where the monetary value of the unlawful payment may not be known or may not adequately reflect the seriousness of the offense and may be warranted where the defendant's conduct was part of systematic or pervasive corruption of a governmental function, process, or office that may cause loss of public confidence in government. The Government may argue at sentencing that an upward departure may be warranted pursuant to this application note.

04.09.2018

8. In accordance with the above, the offense level for Counts Two, Four, and Five is 21.

*Combined Offense Level*

9. Pursuant to U.S.S.G. § 3D1.4(a), the Group with the highest offense level is counted as one Unit. Accordingly Group Two (Counts Two, Four, and Five) is counted as one Unit.

10. Pursuant to U.S.S.G. § 3D1.4(c), any Group that is 9 or more levels less serious than the Group with the highest offense level will not increase the applicable offense level but may provide a reason for sentencing at the higher end of the sentencing range for the applicable offense level. Accordingly, Group One (Count One) is disregarded.

11. In accordance with the above, the combined offense level is 21.

*Abuse of Trust and Acceptance of Responsibility*

12. Pursuant to U.S.S.G. § 3B1.3, two levels are added because the defendant abused a position of public or private trust in a manner that significantly facilitated the commission or concealment of the offense.

13. Pursuant to U.S.S.G. § 3C1.1, two levels are added because the defendant willfully obstructed or impeded the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction by deleting text messages and destroying documents and the obstructive conduct related to the defendant's offense of conviction and any relevant conduct.

14. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through her allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of her intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

15. In accordance with the above, the total offense level is 22.

04.09.2018

B. Criminal History Category

Based upon the information now available to this Office (including representations by the defense), the defendant has no criminal history points. In accordance with the above, the defendant's Criminal History Category is I.

C. Sentencing Range

Based upon the calculations set forth above, the defendant's Guidelines range is 41 to 51 months' imprisonment. In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines level 22, the applicable fine range is $15,000 to $150,000.

The foregoing Guidelines calculation is based on facts and information currently known to the Office. Nothing in this letter limits the right of this Office (1) to change its position at any time as to the appropriate Guidelines calculation in this case, even if that change is based, in whole or in part, on information that was in the Government's possession as of the date of this letter; and/or (2) to present to the Court or the United States Probation Office, either orally or in writing, any and all facts and arguments relevant to sentencing that are available to the Office at the time of sentencing. Nor does anything in this letter limit the right of this Office to seek a departure under or variance from the Guidelines, or to take a position on any departure or variance that may be suggested by the Court, the United States Probation Office, or the defendant.

This letter does not and cannot bind either the Court or the United States Probation Office, either as to questions of fact or as to determinations of the correct application of the Guidelines in this case. Instead, the sentence to be imposed upon the defendant will be determined solely by the Court. This Office cannot and does not make any promise or representation as to what sentence the defendant will receive.

04.09.2018

The defendant recognizes that, if she is not a citizen of the United States, her guilty plea and conviction make it very likely that her deportation from the United States is presumptively mandatory and that, at a minimum, she is at risk of being deported or suffering other adverse immigration consequences. The defendant is entitled to and should seek advice from her counsel on this issue.

Very truly yours,

GEOFFREY S. BERMAN
United States Attorney

By: _____/s/_____
Rebecca Mermelstein
Amanda Kramer
Assistant United States Attorney
(212) 637-2360/2478

04.09.2018