UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

CYNTHIA HOLDER,

            Defendant.

No. 18-CR-36 (JPO)

WRIT OF *CORAM NOBIS*

---

WRIT OF CORAM NOBIS

Upon consideration of the consent request of the defendant, Cynthia Holder, for the issuance of a writ of *coram nobis*, the Court hereby finds:

1. On August 29, 2019, the Court entered a judgment adjudicating Cynthia Holder guilty, pursuant to a guilty plea, of conspiracy to defraud the United States in violation of 18 U.S.C. § 371, conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, and two counts of wire fraud in violation of 18 U.S.C. § 1343.

2. After judgment was entered, the United States Court of Appeals for the Second Circuit clarified that intangible regulatory information is not "property" within the meaning of 18 U.S.C. § 1343 and therefore cannot form the basis of a wire fraud conviction. *See United States v. Blaszczak*, 56 F.4th 230 (2d Cir. 2022).

3. Holder's and her co-defendants' convictions relied on the misuse of intangible regulatory information to satisfy wire fraud's property element. For that reason, the United States, with this Court's approval, has dismissed the indictments filed against Holder's alleged co-conspirators, David Middendorf and Jeffrey Wada.

1

4. Holder's conduct also cannot support her conviction. The law is now clear that "the prosecution has offered and the record discloses no proof whatever of [the property] element[] of the crime charged," and Holder's judgment of conviction therefore "has a fatal constitutional taint for lack of due process of law." *United States v. Liguori*, 438 F.2d 663, 669 (2d Cir. 1971). Accordingly, the "circumstances" here are sufficiently "compelling" that a writ of *coram nobis* is required "to achieve justice." *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014); *see also Edwards v. United States*, 564 F.2d 652, 654 (2d Cir. 1977).

5. While Holder also pleaded guilty to conspiring to defraud the SEC, Middendorf and Wada were acquitted of that count at trial. Further, the Government did not insist that another co-conspirator, David Britt, plead guilty to that count when he pleaded guilty without a cooperation agreement. In the particular circumstances of this case, it is not in the interests of justice to leave Holder worse off than her co-defendants simply because she pleaded guilty.

6. "[S]ound reasons exist for [Holder's] failure to seek appropriate earlier relief." *Kovacs*, 744 F.3d at 49. The Second Circuit's decision in *Blaszczak* and the United States' confession of error in her co-defendants' cases provided the basis for Holder to seek relief from her conviction, and she sought relief soon after those events.

7. Holder "continues to suffer legal consequences from [her] conviction that may be remedied by granting of the writ." *Kovacs*, 744 F.3d at 49. These include difficulty obtaining employment; financial consequences including difficulty securing loans, refinancing mortgages, and obtaining insurance coverage; and the loss of civil liberties.

8. Holder is not in custody and therefore cannot seek a writ of *habeas corpus*.

9.  The United States consents to Holder's request for *coram nobis* relief.

Accordingly, it is HEREBY ORDERED that:

The Court issues a writ of *coram nobis*, and Cynthia Holder's guilty plea and judgment of conviction are VACATED.

BY THE COURT:

Dated: March 6, 2024
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

3